**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR STIVEN PERDOMO LEMUS,<br>Petitioner,<br>v.<br>WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-06333-JLT-EPG<br>A-Number: 234-104-918<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1) |

Before the Court is Victor Stiven Perdomo Lemus' petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition. (Doc. 1).

## I. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II. FACTUAL BACKGROUND

Petitioner is from Colombia. He entered the United States without inspection at an unknown date, time and location and was not admitted or paroled after inspection by U.S. Border Patrol. (Doc. 8 at 4.) Petitioner filed an I-589 asylum application on April 1, 2024. (*Id.*) On November 13, 2023, Petitioner was arrested in South Carolina for domestic battery. (*Id.*) The case remains pending. On December 12, 2023, Petitioner was arrested for DUI and was convicted on January 17, 2024. (*Id.*) On March 21, 2024, Petitioner was arrested in Florida for disorderly conduct. (*Id.*) The case remains pending. On June 27, 2026, Petitioner was arrested in Florida for disorderly conduct. (*Id.*) On June 28, 2026, Petitioner was encountered by immigraiton officials while in state custody for his recent arrest and taken into custody. (*Id.*) That same day, Petitioner was served with a Notice to Appear charging him as removable pursuant to §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 8 at 7-10.) Petitioner is detained at the Central Valley Annex Detention Center in McFarland, California. (Doc. 1 at 2.)

On August 10, 2026, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 7.) Petitioner requests immediate release. (*Id.*) Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is therefore "mandatory." (Doc. 8 at 1.)

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. Moreover, this Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject

to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

As such, the Court finds that the appropriate remedy in this case is a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because it is unclear whether Respondents have provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. <u>**At least 72 hours before**</u> the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. The Clerk of Court is directed to serve the Central Valley Annex Detention Center in McFarland, California, with a copy of this Order.

8. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 15, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE